NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARLENE D. JUNIOR, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> SONOMA COUNTY SUPERIOR COURT, <br><br> Defendant - Appellee. | No. 24-5320 <br><br> D.C. No. 3:22-cv-07270-WHO <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted October 22, 2025
San Francisco, California

Before: MURGUIA, Chief Judge, FORREST, Circuit Judge, and COLLINS, District Judge.**

This is an employment discrimination action. Plaintiff-Appellant Arlene D.

Junior ("Junior") appeals the district court's grant of summary judgment in favor of

her former employer, Defendant-Appellee Sonoma County Superior Court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

("Superior Court"). Junior alleges that she was terminated as a result of race discrimination in violation of Title VII of the Civil Rights Act and California's Fair Employment and Housing Act ("FEHA"). Junior also alleges that she was terminated in retaliation for expressing concerns about racial bias at the Superior Court in violation of FEHA and in retaliation for expressing concerns about misconduct by a Superior Court judge in violation of California Labor Code § 1102.5. The Court assumes familiarity with the facts of this case.

"We review a district court's grant of summary judgment de novo and, viewing the evidence in the light most favorable to the non-movant, determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Teradata Corp. v. SAP SE*, 124 F.4th 555, 572 (9th Cir. 2024) (quoting *Honey Bum, LLC v. Fashion Nova, Inc.*, 63 F.4th 813, 819 (9th Cir. 2023)). We affirm.

1. The district court did not err in granting summary judgment to the Superior Court on Junior's claims of discrimination under Title VII and FEHA. The applicable legal framework for considering Junior's discrimination claims is the three-step framework established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973).[1] Under that framework, (1) the plaintiff must first "demonstrate[]

---

[1] "California courts apply the Title VII framework to claims brought under FEHA." *Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007). Both parties

[her] prima facie case"; (2) then "the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for the adverse employment action"; and (3) "[i]f the defendant meets this burden, . . . the plaintiff must then raise a triable issue of material fact as to whether the defendant's proffered reasons are mere pretext for unlawful discrimination." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 691 (9th Cir. 2017) (simplified). Although we conclude that Junior met her burden to establish a prima facie case of discrimination, we agree with the district court that Junior did not meet her burden to "show that the articulated reason is pretextual." *See id.*

At step one of the *McDonnell Douglas* framework, Junior produced sufficient evidence to meet her "minimal burden" to show that circumstances surrounding the adverse employment action give rise to an inference of discrimination. *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000); *Reynaga*, 847 F.3d at 691. Junior produced evidence that a fellow employee expressed concerns that the investigator may have asked racially biased questions. Because "'very little . . . evidence is necessary'" to establish a prima facie case, *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1409 (9th Cir. 1996) (quoting *Lowe v. City of Monrovia*, 775 F.2d 998, 1009 (9th Cir. 1985)), this circumstantial evidence is

---

agree that the failure to prevent discrimination claim rises or falls with the substantive discrimination claims.

sufficient to support an inference of discrimination at the prima facie stage.

At step two of the *McDonnell Douglas* framework, neither party disputes that the Superior Court provided a "legitimate, nondiscriminatory reason" for its decision to terminate Junior. *See Opara v. Yellen*, 57 F.4th 709, 723 (9th Cir. 2023). Judge Averill provided four reasons in her termination letter: the findings of three independent investigations and an additional concern that Junior had been dishonest with Judge Averill about courthouse operations. The first investigation found that Junior "regularly engaged in behavior reasonably viewed as upsetting, abrasive, intimidating and insulting," which Judge Averill determined was a violation of the code of conduct for a Court CEO. The second investigation found that Junior "engaged in a pattern of unfair treatment towards [] Smith that was more likely than not directly related to" Smith's first complaint about Junior. The third investigation found that Junior misrepresented to Judge Averill the reasons why an employee resigned. Finally, Judge Averill believed that Junior "made misrepresentations to [her] regarding who was responsible for receiving media requests."

At step three of the *McDonnell Douglas* framework, Junior failed to raise a genuine issue of material fact as to whether the Superior Court's proffered reasons for termination were pretextual. A plaintiff can prove pretext either "(1) directly, by showing that unlawful discrimination more likely than not motivated the employer; (2) indirectly, by showing that the employer's proffered explanation is unworthy of

credence because it is internally inconsistent or otherwise not believable; or via a combination of these two kinds of evidence." *Opara*, 57 F.4th at 723 (citing *Chuang*, 225 F.3d at 1127) (citation modified).

Junior argues that Judge Averill's stated bases for termination are pretextual by challenging the accuracy of the investigation reports. However, "[w]hen assessing the validity of an employer's stated reason for its actions, the key is not whether the reason is 'objectively false' or 'baseless' but whether the employer 'honestly believed its reasons for its actions.'" *Kama v. Mayorkas*, 107 F.4th 1054, 1059 (9th Cir. 2024) (citing *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002)). Junior does not provide any evidence that demonstrates that Judge Averill's reliance on those reports was "unworthy of credence." *See Chuang*, 225 F.3d at 1127. Nor does Junior provide evidence that suggests that Judge Averill did not "honestly believe" the reports to be fair, adequate, and unbiased. *See Villiarimo*, 281 F.3d at 1063.

Junior argues that the investigations were so inadequate that they alone can establish pretext. However, the cases that Junior relies upon are inapposite. *See Nazir v. United Airlines, Inc.*, 100 Cal. Rptr. 3d 296, 324–27 (Cal. Ct. App. 2009) (investigation itself could be evidence of pretext where the investigation was led by a supervisor with an "axe to grind" against plaintiff and where the investigation failed to interview witnesses for potentially exculpatory information); *see also*

*Mendoza v. W. Med. Ctr. Santa Ana*, 166 Cal. Rptr. 3d 720, 728 (Cal. Ct. App. 2014) (investigation was inadequate where plaintiff's expert pointed to "numerous shortcomings," including lack of investigation plan, lack of written statements, and an unqualified investigator). Junior does not dispute that the investigations in this case were conducted by independent, qualified investigators who reviewed all relevant documents, considered explicit racial bias, and interviewed multiple witnesses, including witnesses favorable to Junior.[2]

The only shortcoming that Junior's expert identifies is an investigator's alleged failure to sufficiently consider implicit bias. But because "'abundant and uncontroverted independent evidence' suggests that 'no discrimination . . . occurred," the investigator's failure to consider implicit bias, without more, creates at most "'a weak issue of fact'" insufficient to survive summary judgment. *See Opara*, 57 F.4th at 724 (quoting *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 148 (2000)).[3] Accordingly, we conclude that Junior failed to present sufficient evidence from which a reasonable jury could find that Judge Averill did not

---

[2] Four of the six employees interviewed for the first investigation "corroborated Smith's complaint that Junior yelled or screamed at employees." Hema Gopal, one of the two employees who did not initially corroborate Smith's complaint, later revealed that she had not been honest during the investigative interview because she "did not know how Junior would receive complete honesty."

[3] This Court has not addressed whether implicit bias may be probative or used as evidence of intentional discrimination. *See Yu v. Idaho State Univ.*, 15 F.4th 1236, 1244–45 (9th Cir. 2021).

"honestly believe" the reasons for her actions and was instead engaged in racial discrimination, *see Kama*, 107 F.4th at 1059, or that Judge Averill's reasons for terminating Junior were "unworthy of credence," *see Chuang*, 225 F.3d at 1127.

2. The district court did not err in granting summary judgment to the Superior Court on Junior's FEHA retaliation claim, which is also subject to the *McDonnell Douglas* framework. *See Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005). Even if Junior established a prima facie case of retaliation under FEHA, she failed to raise a factual issue as to pretext for the same reasons discussed above.

3. Finally, the district court did not err in granting summary judgment to the Superior Court on Junior's California Labor Code § 1102.5 claim. The Superior Court does not dispute, for purposes of this appeal, that Junior's reports regarding Judge LaForge's misconduct constitute a protected activity and that Junior's termination was an adverse employment action. But Junior failed to create a factual dispute as to whether her protected activity was a "contributing factor" to her termination. *See Lawson v. PPG Architectural Finishes, Inc.*, 503 P.3d 659, 667 (Cal. 2022). There is no evidence that either Judge Averill or Judge LaForge knew about Junior's concerns—the record shows only that Junior expressed her concerns to Judge DeMeo, but Judge DeMeo was not involved in the termination decision.

Even if Junior had raised a factual issue as to whether her protected activity was a "contributing factor" to her termination, the Superior Court produced

sufficient evidence to show that it would have made the same decision for legitimate, independent reasons. *See Lawson*, 503 P.3d at 667–68. Judge Averill called a meeting of the Executive Committee to recommend Junior's termination based on the results of the investigations and to seek their input. Judge Averill made this decision and recommendation based on the results of the three independent investigations described above. And all judges present at the Executive Committee meeting voted to approve Judge Averill's decision to terminate Junior. Accordingly, the district court correctly granted summary judgment to the Superior Court on Junior's California Labor Code § 1102.5 claim.

**AFFIRMED.**